### In re KAISER et al.

(District Court, D. Montana. February 8, 1902.)

### No. 54.

**BANKRUPTCY—TRUSTEE'S COMMISSIONS.**

Where a trustee in bankruptcy, upon the representation and request of the only creditors of the estate whose claim was filed and proved, and with means provided by them, brought suit against the bankrupts and one M. and others to subject certain real estate held in the name of M. and others to the payment of the claims proved against the bankrupt estate, and while this suit was pending the creditors assigned their claim to M. in consideration of a certain sum of money paid to them by M., and thereafter the suit was dismissed by the trustee, he

was not entitled to commissions on the consideration of the compromise between the creditors and M., who was not a party to the bankruptcy proceedings, since it had never come into the trustee's possession, had not been disbursed by him, and had never become a part of the bankrupt estate.

In Bankruptcy.

W. E. Moore and Durfee & Brown, for bankrupt.

Forbis & Evans, for creditors.

KNOWLES, District Judge. In this matter, John S. Axtell, the trustee of the estate of the bankrupts, prays for a review of the decision of Thompson Campbell, Esq., one of the referees in bankruptcy of this court, refusing to allow to the said Axtell a commission at the rate of 3 per cent. on $4,500 alleged to have been received for the benefit of the bankrupt's estate. The facts as certified are as follows: John S. Axtell is the duly appointed, qualified, and acting trustee of the estate of said bankrupts, Herman and John Kaiser, who had theretofore been duly adjudged bankrupts. In due course after said adjudication in bankruptcy, Joseph A. Hyde and James H. King filed their claim against the estate of said bankrupts, proved the same, and it was allowed, and constituted the only claim against the estate. Thereafter, upon the representation and request of said Hyde & King, and with means provided by them, said Axtell, as trustee, brought suit in the district court of the Third judicial district of the state of Montana, in and for the county of Granite, against M. Kaiser, John Kaiser, Jennie Kaiser, Herman Kaiser, and Mamie Kaiser, for the purpose of subjecting certain property held in the name of M. Kaiser, Jennie Kaiser, and Mamie Kaiser to the payment of the claims proved against the said bankrupt estate of said Herman and John Kaiser, upon the ground that the same was a part of the bankrupt estate, and was held for the purpose of cheating, defrauding, and delaying the creditors of the said bankrupt estate. Thereafter, and while said suit was still pending and undetermined in said district court, the said Hyde & King, in consideration of the sum of $4,500 in money, and the transfer of certain real estate of the value of $500 by one M. Kaiser to them (the said Hyde & King), sold, assigned, and transferred unto the said M. Kaiser their said claim against the bankrupt estate, and he became the owner thereof. Thereafter, upon the advice of his attorneys, Messrs. Forbis & Evans, the said suit hereinbefore referred to was dismissed. Thereafter the said Kaiser, as the assignee of the claim of Hyde & King, demanded the distribution of the bankrupt estate, and payment pro rata of his claim out of the assets of the bankrupt estate. Axtell, as trustee, then put in his claim for commissions as above stated, and the same was disallowed by the referee. Axtell, as trustee of the bankrupt estate, was entitled only to such commissions upon such moneys of the bankrupt estate to be paid as dividends as pass through his hands. The sum of $4,500 herein referred to was never received by said trustee. It was the fruit of a compromise effected between the creditors, Hyde & King, and M. Kaiser, who was not a party to the proceedings in bankruptcy pending in this court; and never having come into

the possession or control of the said Axtell as trustee of the bankrupt estate, and never having become a part thereof, and never having been disbursed by said trustee, a claim for commissions could not attach thereto, and he was not entitled to recover or receive commissions on the same.

The finding of the referee and the disallowance of the claim are sustained and affirmed.